**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**UNITED STATES OF AMERICA,**

**v.** **Criminal No. 3:13cr125**

**ALVIN DEWAYNE HALL,**

**Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Alvin Dewayne Hall's *pro se* Motion for Compassionate Release, (ECF No. 68), his counseled Supplemental Motion for Compassionate Release, (together, the "Motion" or "Motion for Compassionate Release"), (ECF No. 77), and Mr. Hall's Motion for Default Judgment. (ECF No. 80). The United States has responded in opposition to the Motion for Compassionate Release, (ECF No. 83), and Mr. Hall replied, (ECF No. 86).

This matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons articulated below, the Court will deny the Motion for Compassionate Release, (ECF Nos. 68, 77), and deny the Motion for Default Judgment, (ECF No. 80).

## I. Background

On July 16, 2013, a grand jury charged Mr. Hall with conspiracy to distribute and possess with intent to distribute and possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (Counts One and Three), conspiracy to distribute and possess with intent to distribute and possession with intent to distribute marijuana, in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(D), 846 (Counts Two and Four), bribery of a public official, in violation of 18 U.S.C. § 201(b)(1) (Count Five), and possession of prohibited objects by prisoners in custody, in violation of 18 U.S.C. §§ 1791(a)(2), (b)(1), (3), and (5) (Count Seven). (ECF No. 1.) On November 14, 2013, Mr. Hall pled guilty to Counts Two and Five pursuant to a written plea agreement. (ECF Nos. 27, 28.) As part of his plea agreement, Mr. Hall signed a Statement of Facts describing the conduct underlying his offenses. (ECF No. 29.)

Prior to Mr. Hall's sentencing, the United States Probation Office prepared a Presentence Report ("PSR"). (ECF No. 41.) The PSR determined that Mr. Hall qualified as a career offender under U.S.S.G. § 4B1.1, based on a prior conviction for possession with intent to distribute cocaine and cocaine base and a prior conviction for conspiracy to distribute 500 grams or more of cocaine hydrochloride. (ECF No. 41 ¶ 57.) The PSR reported a total offense level of 21 and a criminal history category of VI, resulting in an advisory guideline range of 77 to 96 months of incarceration. (ECF No. 41 ¶¶ 99–101.)

On February 21, 2014, the Court sentenced Mr. Hall to 96 months' imprisonment on each of Counts Two and Five, to be served concurrently with each other but consecutively to any sentence previously imposed, together with four years of supervised release on each count, to run concurrently. (ECF No. 47.) The United States Court of Appeals for the Fourth Circuit affirmed Mr. Hall's conviction and sentence by unpublished per curiam opinion. (ECF Nos. 59, 60.)

On January 26, 2023, Mr. Hall filed his *pro se* Motion for Compassionate Release. (ECF No. 68.) The Court appointed counsel, (ECF No. 69), and appointed counsel filed the Supplemental Motion for Compassionate Release on October 3, 2023, (ECF No. 77).

On July 19, 2025, the United States Probation Office filed an updated worksheet recalculating Mr. Hall's guideline range. (ECF No. 88.) On June 22, 2026, this case was

reassigned from the Honorable Henry E. Hudson to the Honorable M. Hannah Lauck. (ECF No. 93.) Mr. Hall's current release date is December 6, 2026. *See* Fed. Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited Nov. 18, 2026).

## II. Standard of Review

18 U.S.C. § 3582(c)(1)(A) authorizes a defendant, after exhausting their administrative remedies with the Bureau of Prisons ("BOP"), to move a court for compassionate release. A court considering a motion for compassionate release proceeds in two steps. First, the court "determines whether the defendant is eligible for a sentence reduction." *United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024). To be eligible, the court must find that relief is warranted because of "extraordinary compelling reasons," and that such relief is "consistent with applicable policy statements" issued by the United States Sentencing Commission (the "Sentencing Commission"). 18 U.S.C. § 3582(c)(1)(A)(i); *Moody*, 115 F.4th at 310. The Sentencing Commission's policy statement identifies six categories of extraordinary and compelling reasons that may allow for a sentence reduction. *See* U.S.S.G. § 1B1.13(b).[1]

Second, if the court finds that extraordinary and compelling reasons exist, the "court considers whether the 18 U.S.C. § 3553(a) sentencing factors support relief." *Moody*, 115 F.4th at 310.

---

[1] Such circumstances include: (1) certain medical circumstances of the defendant such as terminal illness or the inability to receive specialized medical care while incarcerated; (2) the defendant's age; (3) the defendant's family circumstances; (4) the fact that the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction of, a correctional officer; (5) "any other circumstance or combination of circumstances . . . similar in gravity to" the circumstances "described in paragraphs (1) through (4)"; and, (6) the defendant's receipt of an "unusually long sentence." U.S.S.G. § 1B1.13(b)(1)–(6).

## III. Analysis

In the Motion, Mr. Hall seeks a reduction of his term of imprisonment from 96 months to 33 months on several grounds: (1) that, in light of the Fourth Circuit's decision in *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019), he would no longer qualify as a career offender if sentenced today; (2) his medical conditions and susceptibility to COVID-19; (3) his family circumstances; (4) his rehabilitation while incarcerated; and, (5) sentencing disparities between Mr. Hall and his co-defendants. (ECF No. 77, at 1–2.) The United States responds that Mr. Hall has not presented an extraordinary and compelling reason for release and that the § 3553(a) factors weigh against a reduction. (ECF No. 83, at 1–2.)

For the reasons articulated below, the Court will deny the Motion for Compassionate Release. (ECF Nos. 68, 77.) The Court concludes that (1) the nonretroactive change in law on which Mr. Hall principally relies cannot, after *Rutherford v. United States*, 608 U.S. 454 (2026), constitute an extraordinary and compelling reason for release; (2) Mr. Hall does not make a particularized showing of medical circumstances that would constitute an extraordinary and compelling reason; (3) Mr. Hall does not make a particularized showing of family circumstances that would constitute an extraordinary and compelling reason; and, (4) Mr. Hall's rehabilitation alone is not a basis for granting the Motion.[2] Accordingly, the Court concludes that Mr. Hall

---

[2] Mr. Hall also argues that disparities between his sentence and those his co-defendants received constitutes an extraordinary and compelling basis for release. (ECF No. 77, at 1–2, 13–16.) Until recently, the United States Court of Appeals for the Fourth Circuit recognized that sentencing disparities between co-conspirators constitute an extraordinary and compelling reason to reduce a defendant's sentence. *United States v. Johnson*, 143 F.4th 212, 215–17 (4th Cir. 2025), *cert. granted, judgment vacated*, 146 S. Ct. 2718 (2026)). But earlier this year, the United States Supreme Court vacated and remanded *Johnson* "for further consideration" in light of two cases the Supreme Court issued last term: *Fernandez v. United States*, 608 U.S. 411 (2026) and *Rutherford v. United States*, 608 U.S. 454 (2026).

does not offer any extraordinary and compelling reasons to support his request for release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Even if he had done so, the 18 U.S.C. § 3553(a) factors weigh against his release.

**A. Mr. Hall Has Exhausted His Administrative Remedies**

A defendant seeking compassionate release ordinarily must first apply to the BOP to bring a motion on his or her behalf. 18 U.S.C. § 3582(c)(1)(A). After seeking relief from the BOP, a defendant can proceed to district court if he or she exhausts their administrative remedies for relief with the BOP, or if the BOP fails to act within 30 days of the defendant's requesting such relief. *Id.*; *United States v. Ferguson*, 55 F.4th 262, 268 (4th Cir. 2022).

A court may waive the exhaustion requirement in certain circumstances, including where pursuing exhaustion would be futile, result in inadequate relief, or subject the defendant to undue prejudice. *United States v. Evans*, 504 F. Supp. 3d 519, 525 (E.D. Va. 2020). The United States waives the exhaustion requirement if it fails to timely raise exhaustion as a defense. *United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021).

Mr. Hall represents that he submitted requests for compassionate release to the wardens of his facilities and received no response, and that more than 30 days elapsed before he filed his Motion. (ECF No. 77, at 7.) The United States does not argue that Mr. Hall failed to exhaust his administrative remedies. Because the United States does not raise the issue, it waived any

---

The Fourth Circuit has not yet determined whether sentencing disparities between co-defendants remains an extraordinary and compelling basis for release following *Fernandez* and *Rutherford*. Because that law remains unsettled in the Fourth Circuit and, as the Court explains below, Mr. Hall is not entitled to relief under the § 3553(a) factors, the Court need not and does not decide whether any sentencing disparity with his co-defendants would constitute an extraordinary and compelling basis for relief.

argument that Mr. Hall's Motion is barred on exhaustion grounds.[3] *Muhammad*, 16 F.4th at 129–30. The Court therefore proceeds to consider the merits of Mr. Hall's Motion for Compassionate Release.

**B. The Motion for Compassionate Release Does Not Establish Extraordinary and Compelling Reasons for Mr. Hall's Release**

Mr. Hall argues that extraordinary and compelling circumstances exist for four reasons: (1) a change in the law concerning his career-offender designation; (2) his medical conditions; (3) his family circumstances; and, (4) his rehabilitation. (ECF No. 77, at 1–2.) The Court addresses each argument in turn below, concluding that none of these circumstances constitutes an extraordinary and compelling reason for release.

**1. The Nonretroactive Change in Law Concerning Hall's Career-Offender Designation Is Not an Extraordinary and Compelling Reason for Release**

The centerpiece of Mr. Hall's Motion is his contention that, if sentenced today, he would no longer qualify as a career offender under U.S.S.G. § 4B1.1. (ECF No. 77, at 11–13.) Mr. Hall relies on *United States v. Norman*, in which the Fourth Circuit held that a conspiracy offense under 21 U.S.C. § 846 does not qualify as a "controlled substance offense" for purposes of the career-offender guideline. 935 F.3d 232, 237–39 (4th Cir. 2019). Because his instant conspiracy conviction and one of his predicate convictions rest on § 846 conspiracies, Mr. Hall argues that "[i]f *Norman* had been decided prior to Mr. Hall's sentencing in 2014, Mr. Hall would have been in a Criminal History Category of V and had a base offense level of 12,

---

[3] The Probation Office's updated worksheet states that, according to information received from the BOP, "there is no record of the defendant filing a request for Compassionate Release with the BOP." (ECF No. 88, at 2.) Mr. Hall, by contrast, represents that he submitted requests to the wardens at USP Lompoc and FCI Hazelton and received no response. (ECF No. 77, at 7.) Because the United States does not press exhaustion and the Court resolves the Motion on the merits, the Court need not resolve this discrepancy.

resulting in a guideline range of 27 to 33 months," rather than 77 to 96 months, as outlined in the PSR. (ECF No. 77, at 12 (*see* ECF No. 41, at 23).) The Probation Office's updated worksheet reflects that, if Mr. Hall were sentenced today, the career-offender enhancement would no longer apply and his guideline range would be 21 to 33 months. (ECF No. 88, at 2.)

The Court recognizes that Mr. Hall's guideline range would be materially lower if he were sentenced today. But that is precisely the kind of disparity that the Supreme Court recently held cannot serve as an extraordinary and compelling reason for release. In *Rutherford*, the United States Supreme Court held that sentencing disparities created by non-retroactive changes to sentencing law are neither extraordinary nor compelling within the meaning of § 3582(c)(1)(A). *Rutherford*, 608 U.S. at 466–68, 473. The change Mr. Hall invokes—the Fourth Circuit's reinterpretation of the career-offender guideline in *Norman*—has not been made retroactive. A reduction premised on the difference between the career-offender range applied at Mr. Hall's 2014 sentencing and the range that would apply today therefore rests on exactly the consideration that *Rutherford* now places beyond the reach of compassionate release.

This conclusion is reinforced by the text of the United States Sentencing Commission's policy statement, which permits consideration of a nonretroactive change in the law only in the narrow circumstance of an "unusually long sentence" where the defendant "has served at least 10 years of the term of imprisonment." U.S.S.G. § 1B1.13(b)(6). Mr. Hall's 96-month sentence is not an unusually long sentence, and the change he identifies does not fall within that provision. To the extent Mr. Hall frames his *Norman* argument as a challenge to the validity of the career-offender determination applied at sentencing, *Rutherford* forecloses that route as well. *See Rutherford*, 608 U.S. at 466-68; *Fernandez v. United States*, 608 U.S. 411, 430–31 (2026).

The Court therefore concludes that the non-retroactive change in law concerning Mr. Hall's career-offender designation cannot constitute an extraordinary and compelling reason to reduce his sentence and will deny his Motion with respect to that argument.

### 2. Mr. Hall Does Not Make a Sufficient Showing of Medical Circumstances that Would Constitute an Extraordinary and Compelling Reason for Release

Mr. Hall next contends that his medical conditions—including asthma, sleep apnea, and a need for arm surgery—together with his susceptibility to COVID-19 establish an extraordinary and compelling reason for release. (ECF No. 77, at 7.) He emphasizes that he does not presently have a CPAP machine for his sleep apnea and that his asthma heightens his risk of severe COVID-19 infection. (ECF No. 77, at 7.)

While the Sentencing Commission's policy statement makes clear that a defendant's medical circumstances may favor release, Mr. Hall makes no particularized showing of any medical circumstance that would warrant relief. *See* U.S.S.G. § 1B1.13(b)(1) (describing "Medical Circumstances of the Defendant" that may constitute extraordinary and compelling reasons for release). The Probation Office's updated worksheet reflects that Mr. Hall is assigned to a chronic-care level of physical health care and that the BOP treats his asthma, hypertension, hyperlipidemia, sleep apnea, and rotator cuff tear, prescribing medication for each. (ECF No. 88, at 2.) Mr. Hall does not contend that he suffers from a terminal illness, that he is unable to provide self-care within his facility, or that the BOP is failing to provide care from which he risks of serious deterioration. *See* U.S.S.G. § 1B1.13(b)(1)(A)–(C). And the conditions of confinement created by COVID-19 do not, on this record, present the kind of individualized risk that the policy statement requires. *See* U.S.S.G. § 1B1.13(b)(1)(D). The Court therefore concludes that Mr. Hall's reference to his medical conditions does not constitute an extraordinary

and compelling reason to reduce his sentence and will deny his Motion with respect to that argument.

### 3. Mr. Hall Does Not Make a Sufficient Showing of Family Circumstances that Would Constitute an Extraordinary and Compelling Reason for Release

Mr. Hall asserts that his family circumstances favor his release, pointing to the death of his biological father in 2021, the death of his grandfather, and his relationship with his daughter. (ECF No. 77, at 5–6.) While the Sentencing Commission's policy statement provides that a defendant's family circumstances may favor release, Mr. Hall makes no particularized showing of any family circumstance that would warrant relief. *See* U.S.S.G. § 1B1.13(b)(3) (describing "Family Circumstances of the Defendant" that may constitute extraordinary and compelling reasons for release). The policy statement identifies family circumstances such as the death or incapacitation of the caregiver of the defendant's minor child, or the incapacitation of a spouse or parent for whom the defendant would be the only available caregiver. § 1B1.13(b)(3)(A)–(D). Mr. Hall does not contend that he is the only available caregiver for any family member, nor that his daughter is a minor in need of his care. However difficult the losses Mr. Hall describes, they do not fall within the policy statement's enumerated family circumstances. The Court therefore concludes that Mr. Hall's reference to his family circumstances does not constitute an extraordinary and compelling reason to reduce his sentence and will deny his Motion with respect to that argument.

### 4. Mr. Hall's Rehabilitation Alone Does Not Constitute an Extraordinary and Compelling Reason for Release

Mr. Hall next contends that his rehabilitation while incarcerated—including the completion of numerous educational and vocational courses and his participation in drug treatment—supports a reduction of his sentence. (ECF No. 77, at 10–11.)

Again, the Court concludes that Mr. Hall has not otherwise established an extraordinary and compelling reason to reduce his sentence. The Sentencing Commission's policy statement with respect to compassionate release motions provides that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of [the] policy statement." U.S.S.G. § 1B1.13(d). Rather, "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances." *Id.* Because Mr. Hall has not established other extraordinary and compelling reasons to reduce his sentence, Mr. Hall's rehabilitation alone cannot serve as a basis for compassionate release.[4]

The Court therefore concludes that Mr. Hall's rehabilitation alone cannot constitute an extraordinary and compelling reason to reduce his sentence and will deny his Motion with respect to that argument.

### C. The § 3553(a) Factors Do Not Support a Reduction in Mr. Hall's Sentence

Even if Mr. Hall were to satisfy the requirement for an "extraordinary and compelling" reason for his compassionate release, the § 3553(a) factors weigh against his release. In the interest of creating a full record, the Court discusses those factors here.

---

[4] Mr. Hall's record of rehabilitation is, in any event, mixed. The Probation Office's updated worksheet reflects that Mr. Hall began the 500-hour residential drug abuse program in April 2023 but failed or withdrew from the program in September 2023, and that he has sustained six disciplinary infractions while incarcerated, including possession of a hazardous tool (a cell phone) in April 2024 and again in August 2024. (ECF No. 88, at 2.)

The § 3553(a) factors include:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);
- the need for the sentence to: reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment, § 3553(a)(2)(A)–(D);
- the kinds of sentences available, § 3553(a)(3), (4);
- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);
- the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and,
- the need for restitution, § 3553(a)(7).

First, the nature and circumstances of the offense, 18 U.S.C. § 3553(a)(1), do not support reducing his term of imprisonment. Mr. Hall's offense of conviction is serious. While already incarcerated and serving a federal sentence, Mr. Hall directed a scheme to corrupt a correctional officer, paying him to smuggle marijuana and other contraband into a federal prison. (ECF No. 41 ¶¶ 17–24.) Conduct that corrupts the integrity of a correctional institution from within weighs heavily against release. It also demonstrates that incarceration has not deterred him engaging in criminal conduct.

Next, Mr. Hall's history and characteristics, § 3553(a)(1), do not support reducing his term of imprisonment. While the Court commends Mr. Hall for completing educational and vocational coursework during his incarceration, his disciplinary record reflects six infractions, including two separate incidents of possessing a cell phone in 2024. Mr. Hall also withdrew from the residential drug abuse program. (ECF No. 88, at 2.) Mr. Hall also has a significant criminal history, having committed the instant offenses while serving a sentence for a prior federal drug-trafficking conviction.

The Court must also consider the need for the sentence to protect the public and to afford adequate deterrence. § 3553(a)(2)(A)–(C). Mr. Hall's commission of the instant offenses while in custody, and his disciplinary infractions during the present term of incarceration, cannot support any finding that a reduced sentence would adequately protect the public or deter further misconduct.

The remaining factors, including the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and avoid unwarranted sentencing disparities, weigh in Mr. Hall's favor only to a limited degree. § 3553(a)(2)(A)–(B), (a)(6). Mr. Hall has served a substantial portion of his sentence and is approaching his projected release date of December 6, 2026. (ECF No. 88, at 1.) Nevertheless, given the nature and circumstances of the offense and the need to protect the public, the Court will not reduce Mr. Hall's sentence.

On balance, the § 3553(a) factors do not outweigh the continuing need for the sentence imposed to reflect the seriousness of the offense for which he was sentenced. Mr. Hall's 96-month sentence is sufficient but not greater than necessary to reflect the seriousness of his offense. The record before the Court does not justify Mr. Hall's early release from federal imprisonment.

### D. The Court Will Deny Mr. Hall's Motion for Default Judgment

Separately, Mr. Hall moves for "default judgment" in his favor on the Motion for Compassionate Release, contending that the United States failed to respond within the time set by the Court's December 22, 2023 Order. (ECF No. 80, at 2.)

That motion fails for two reasons. First, the premise no longer holds: the United States filed its Response in Opposition to the Motion for Compassionate Release. (ECF No. 83.) Second, the Federal Rules of Criminal Procedure do not provide for entry of a "default

judgment" granting a sentence reduction by reason of the United States' delay in responding, and Mr. Hall bears the burden of establishing that extraordinary and compelling reasons warrant relief regardless of the Government's position. *See United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). The Court will therefore deny the Motion for Default Judgment. (ECF No. 80.)

## IV. Conclusion

For the reasons articulated above, the Court will deny the Motion for Compassionate Release, (ECF Nos. 68, 77), and deny the Motion for Default Judgment, (ECF No. 80).

An appropriate Order shall issue.

Date: 11/23/26
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge